Francisco **RODRIGUEZ** et al., Plaintiffs,

v.

Harold **SKLAR** et al., Defendants.

No. 68 Civ. 4119.

United States District Court
S. D. New York.

Nov. 12, 1968.

John DeWitt Gregory, New York City, for plaintiff Rodriguez; Oscar G. Chase, Alfred Lawrence Toombs, John C. Gray, Jr., New York City, of counsel.

James J. Graham, New York City, for plaintiffs Voight and Miller.

Harold R. Washington, New York City, for plaintiffs Lerner, Inmann and Slade.

J. Lee Rankin, corp. counsel, New York City, for defendants Landman and Linville; Charles Maurer, Jamaica, N. Y., of counsel.

Vladeck, Elias, Frankle, Vladeck & Lewis, New York City, for Council of Supervisory Associations and Harold Sklar.

WYATT, District Judge.

This is a motion by plaintiffs for a preliminary injunction granting the relief prayed for in the complaint, namely, restraining defendants from "unlawful closings" of public schools in New York City and from "acting in concert with others to unlawfully close" such public schools.

Plaintiffs are parents of children, some of whom normally attend Public School 40 at 320 East 20th Street in School District No. 1, Borough of Manhattan, and others of whom normally attend Public School 28 at 1861 Anthony Avenue in School District No. 9, Borough of the Bronx. Plaintiffs sue for themselves and also on behalf of the infant children.

Defendant Sklar is Principal of Public School 40.

Defendant Landman is Acting District Superintendent of School District No. 1.

Defendant Bonardi is Principal of Public School 28.

Defendant Linville is Acting District Superintendent of School District No. 9.

Defendants Degnan, Romano, Rubenstein and Unger are officers of the Council of Supervisory Associations. This Council is a voluntary association of a number of separate membership associations whose members hold supervisory positions in the school system, for example, the Principals' Association, the Superintendents' Association and the like.

The complaint avers that at the time it was filed (October 18, 1968) some of the public schools (396 in number) were open and some (503 in number) were closed; that Public Schools 40 and 28 were among those closed; that the closing of some of the schools was caused by a strike in violation of law by United Federation of Teachers; that the defendant principals and superintendents have authority from the City and State to close the public schools or to keep them open; that the defendant principals and superintendents have exercised their authority unlawfully to close Public Schools

40 and 28 where there are teachers ready to teach and children to attend; that the reason the schools were closed was to support the strike of teachers; that the defendant Council officers have urged their principal and superintendent members to keep the schools closed in order to support the strike of teachers; that the children are losing valuable days of opportunity to obtain an education and are thereby being damaged irreparably; and that the unlawful acts of defendants violate the constitutional rights of plaintiffs to enjoy the equal protection of the laws and not to be deprived of liberty or property without due process of law.

The action is based on parts of the Civil Rights Laws, including 42 U.S.C. § 1983. The cited section with others provides for relief in a federal court whenever any person is deprived of constitutional rights by acts done "under color of" state law. This Court has jurisdiction under 28 U.S.C. § 1343(3) and (4).

It is clear that the children are suffering grievously from their inability to attend school; their damage is irreparable; money damages would not redress their injury.

█ It is equally clear that if any of the defendants are acting unlawfully in closing public schools—as they would be if they are so acting to support a strike in violation of law—they are denying to plaintiffs their constitutional right (Fourteenth Amendment) to the equal protection of the laws. This is because the exercise of authority under New York law to close Public Schools 40 and 28 results in the children of these plaintiffs being treated differently from children in other parts of the State (indeed, in other parts of the City) where public schools are open. In principle, the situation is the same as when all public schools were closed in Prince Edward County, Virginia. In holding that this denied Prince Edward children the equal protection of the laws, the Supreme Court said: "Prince Edward children must go to a private school or none at all; all other Virginia children can go to public schools". Griffin v. County School Board, 377 U.S. 218, 230, 84 S.Ct. 1226, 1233, 12 L.Ed.2d 256 (1964).

It is the position of the defendant superintendents that they are opening schools as rapidly as can be done without danger to the safety and welfare of the children.

Before proceeding further with the merits, some preliminary matters must be considered.

It appears that at all times since October 20, 1968 the authority to close and to open schools is vested in the district superintendents—such as defendants Landman and Linville—rather than in principals—such as defendants Sklar and Bonardi. "District Superintendents" are perhaps more accurately described as assistant superintendents (By-Laws, Board of Education, sec. 41) assigned to a school district.

The New York Education Law, McKinney's Consol.Laws, c. 16, § 2554 gives to the Board of Education of New York City the power to run the schools, including the power to make by-laws and to delegate the powers of the Board to a Superintendent of Schools (see subsection 13 of § 2554).

According to the By-Laws of the Board (sec. 89) the principal of a school is its "responsible administrative and pedagogical head". It seems to be agreed on all sides that this includes normally the authority to close the school in an emergency or to keep it open.

By memorandum of the Superintendent of Schools, dated October 20, 1968, authority to open schools or to close them was delegated to the District Superintendents. This means that the principals no longer have the authority to decide whether to open or to close a school.

█ The motion must be denied, therefore, as to defendants Sklar and Bonardi.

Now we turn to defendants Landman and Linville.

█ Since the argument of this motion on October 29, it is established by

affidavit that Public School 40 was opened on Friday, November 1, and was open the following Monday, November 4, the date of the affidavit. From all that appears, this school is still open.

The motion must be denied as to defendant Landman on the sole ground that as to him the action is now moot.

 As to defendant Linville, the showing of fact for plaintiffs is not strong but the affidavit of Denkert is not in any way put in issue nor does defendant Linville, except by implication, deny that he has kept Public School 28 closed in order to support the strike.

Rather than attempt to decide solely on the present papers the motion as to defendants Linville and the defendant Council officers, the parties will be given an opportunity to present at a hearing any testimony or any other evidence they may wish to offer with respect to the failure to open Public School 28. The hearing will take place in Room 905 at 10 A.M. on Monday, November 18, 1968.

So ordered.